845 F.2d 327
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Westley H. TABLER, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, U.S.
DEPARTMENT OF LABOR, Respondent.
 No. 87-3575.
 United States Court of Appeals, Sixth Circuit.
 April 21, 1988.
 
 Before NATHANIEL R. JONES, MILBURN and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Westley Tabler petitions for review of a Benefits Review Board decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. (1982). We affirm.
 
 
 2
 * Tabler was born in 1921 and has a third grade education. He was employed in various coal mines between 1937 and 1951. For the next ten years, he worked in a foundry, where he was exposed to a dusty environment.
 
 
 3
 On July 25, 1974, Tabler applied for benefits under Part C of the Black Lung Benefits Act, 30 U.S.C. Secs. 901 et seq. His claim was denied. After Congress enacted the Black Lung Benefits Reform Act of 1977, his claim was again reviewed and denied in September 1979.
 
 
 4
 Over a year later, January 22, 1981, Tabler's wife filed a request for reconsideration.[1] On August 12, 1981, Tabler filed a second application for benefits, which was denied administratively. Tabler then requested a formal hearing, which was held on September 26, 1984.
 
 
 5
 On January 29, 1985, an Administrative Law Judge denied Tabler's claim. Because the second claim for benefits was filed after March 31, 1980, the ALJ considered the claimant's entitlement to benefits under the criteria in 20 C.F.R. Part 718, instead of under the regulations set forth in Part 727, which apply only to claims filed and adjudicated on or before March 31, 1980.
 
 
 6
 Initially, the ALJ found that Tabler had established 9 1/4 years of coal mine employment. He then concluded that Tabler had failed to establish the existence of pneumoconiosis. 20 C.F.R. Sec. 718.202. In particular, the ALJ found that although Tabler had "shown the existence of a chronic dust disease of the lung," the claimant failed to show that "the disease arose out of coal mine employment" as required by the definition of pneumoconiosis contained in 20 C.F.R. Sec. 718.201. The ALJ thus found that Tabler had not established pneumonconiosis under section 718.202(a)(4).
 
 
 7
 The ALJ also held that, even if Tabler had established the existence of pneumoconiosis which arose at least in part out of coal mine employment, the claimant failed to establish that he was totally disabled due to pneumoconiosis. 20 C.F.R. Sec. 718.204. In particular, the ALJ concluded that the medical reports of record did not support a finding of total disability pursuant to section 718.204(c)(4), under which total disability may be found "if a physician exercising reasoned medical judgment, based on medically acceptable clinical and laboratory diagnostic techniques, concludes that a miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in employment as described in paragraph (b) of this section."[2] Accordingly, Tabler was denied benefits.
 
 
 8
 The Benefits Review Board affirmed the ALJ's decision, and this appeal followed.
 
 II
 
 9
 Tabler argues that the ALJ erred in assessing his claim under the criteria in 20 C.F.R. Part 718. He says that since his initial claim was filed before March 31, 1980, the effective date of the Part 718 regulations, it should have been evaluated under Part 727 regulations. We disagree.
 
 
 10
 The Black Lung Benefits Reform Act of 1977 authorized the Secretary of Labor to review all pending and previously denied Part C claims in light of the 1977 amendments. Strike v. Director, Office of Workers' Compensation Programs, 817 F.2d 395, 398-99 (7th Cir.1987). In 1978, the Secretary promulgated a set of regulations governing review of such claims; these interim regulations are contained in 20 C.F.R. Part 727. In 1980, the Secretary issued permanent regulations applicable to all Part C claims filed after March 31, 1980. 20 C.F.R. Secs. 718.2, 725.4(a). These regulations, contained in Part 718, also govern claims filed on or before March 31, 1980, but adjudicated by an ALJ after that date. See Caprini v. Director, Office of Workers' Compensation Programs, 824 F.2d 283, 284 (3d Cir.1987); Strike, 817 F.2d at 406 n. 9.
 
 
 11
 Tabler's first claim for disability benefits was denied in July 1976 and again in September 1979, the latter after Congress passed the Black Lung Benefits Reform Act of 1977. Thereafter, Tabler did not timely pursue his administrative remedies to keep this claim alive. He did not request a hearing before an ALJ, 20 C.F.R. Sec. 725.451, nor did he timely request reconsideration within one year of the denial, id. at 725.310(a). His wife's January 22, 1981, request for reconsideration, having been filed beyond one year, could properly only be considered as a new claim for benefits. See 20 C.F.R. Sec. 725.305(a)
 
 
 12
 Tabler failed to meet the time limits to keep his first claim alive. Since his untimely reconsideration request and his second claim for benefits, dated August 12, 1981, were filed after March 31, 1980, the ALJ properly decided this case under the criteria in Part 718. See 20 C.F.R. Secs. 718.2, 725.4(a).
 
 III
 
 13
 Next, Tabler argues that his pneumoconiosis arose at least in part out of coal mine employment. At issue is the ALJ's application of 20 C.F.R. Sec. 718.202(a)(4), which reads:
 
 
 14
 A determination of the existence of pneumoconiosis may also be made if a physician, exercising sound medical judgment, notwithstanding a negative X-ray, finds that the miner suffers or suffered from pneumoconiosis as defined in Sec. 718.201. Any such finding shall be based on objective medical evidence such as blood-gas studies, electrocardiograms, pulmonary function studies, physical performance tests, physical examination, and medical and work histories. Such a finding shall be supported by a reasoned medical opinion.
 
 
 15
 Section 718.201 defines pneumoconiosis as "a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment." See also 30 U.S.C. Sec. 902(b). A disease "arising out of coal mine employment" includes "any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or substantially aggravated by, dust exposure in coal mine employment." 20 C.F.R. Sec. 718.201.
 
 
 16
 As noted, the ALJ found that Tabler had shown the existence of a chronic dust disease of the lung, but failed to show that his disease arose out of his coal mine employment. In making this determination, he failed to consider the rebuttable presumption that arises when a claimant has ten or more years of coal mine employment. 30 U.S.C. Sec. 921(c); 20 C.F.R. Secs. 718.203(b), 718.302.[3] See also Stomps v. Director, Officer of Workers' Compensation Programs, 816 F.2d 1533, 1535 (11th Cir.1987). The ALJ did not discuss this presumption, presumably because he had initially concluded that the claimant had only 9 1/4 years of coal mine employment. This conclusion is not supported by substantial evidence. Instead, the record reveals that Tabler had in excess of ten years of coal mine employment.
 
 
 17
 Nevertheless, after carefully reviewing the entire record, we find that the ALJ's conclusion that Tabler is not totally disabled due to pneumoconiosis under the criteria in section 718.204 is supported by substantial evidence. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1116 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985). Tabler has failed to carry his burden on this issue. See Director, Office of Workers' Compensation Programs v. Mangifest, 826 F.3d 1318, 1320 (3d Cir.1987).
 
 
 18
 The ALJ relied upon the two medical reports of Dr. Robert Miller, the treating physician. In his 1975 report, Dr. Miller diagnosed Tabler as suffering from "[e]arly chronic obstructive lung disease," along with "[c]erebral vascular insufficiency with CVA [stroke]," chronic bronchitis and back injury. He stated, "Patient appears to have some evidence of chronic lung disease.... With his occupational exposure he is probably eligible for disability on the basis of his pulmonary functions."
 
 
 19
 In his 1981 report, Dr. Miller diagnosed Tabler as having chronic obstructive lung disease and hypertension. Significantly, he also checked the "no" box when asked if the diagnosed condition related to dust exposure in the patient's coal mine employment.
 
 
 20
 Tabler argues that the ALJ failed to credit Dr. Miller's statement in 1975 that Tabler's condition was related to occupational exposure. However, it is noteworthy that, in addition to his coal mine employment, Tabler worked for ten years in a foundry, admittedly a "dusty environment." Dr. Miller's statement is a legal conclusion. Absent a more definite statement that Tabler's occupation in the coal mines actually caused the disability, and in light of the adverse notation in the 1981 report, we cannot say the ALJ erred in refusing to rely this statement in support of disability.
 
 
 21
 Tabler also contends that the ALJ completely disregarded his testimony with respect to breathing difficulties he experienced when he left his coal mine employment in 1951. However, section 718.204(c)(4) requires that a finding of total disability due to pneumoconiosis be based on "reasoned medical judgment" and "medically acceptable clinical and laboratory diagnostic techniques." There are similar requirements for a finding that a claimant suffers from pneumoconiosis. 20 C.F.R. Sec. 718.202(a)(4). See also id. at 718.202(c) ("A determination of the existence of pneumoconiosis shall not be made solely on the basis of a living miner's statements or testimony.").
 
 
 22
 Accordingly, the decision of the Benefits Review Board is AFFIRMED.
 
 
 
 [1]
 The record does not reflect whether any administrative action was taken in response to this reconsideration request
 
 
 [2]
 Although there are other regulatory provisions applicable to the determination of total disability, see 20 C.F.R. Sec. 718.204(c)(1)-(3), the ALJ concluded that Tabler failed to meet them and the claimant has not challenged this conclusion on appeal
 
 
 [3]
 Although the wording of these regulations suggests that a claimant must have "pneumoconiosis," in addition to ten years of coal mine employment, before he may claim the rebuttable presumption, we shall assume here that Tabler has satisfied this requirement on the basis of the ALJ's conclusion that he suffers from a chronic dust disease of the lung. 20 C.F.R. Sec. 718.201